**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Personalweb Technologies LLC and Level 3 Communications, LLC., | |
| Plaintiffs, | |
| v. | Civil Action No. 6:12-cv-657 |
| Nexsan Technologies, Inc. | JURY TRIAL REQUESTED |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff PersonalWeb Technologies LLC ("PersonalWeb") files this Complaint for Patent Infringement against Nexsan Technologies, Inc.  Plaintiff PersonalWeb Technologies, LLC alleges:

**PRELIMINARY STATEMENT**

1.    PersonalWeb and Level 3 Communications, LLC ("Level 3") are parties to an agreement between Kinetech, Inc. and Digital Island, Inc. dated September 1, 2000 (the "Agreement").  Pursuant to the Agreement, PersonalWeb and Level 3 each own a fifty percent (50%) undivided interest in and to the patents at issue in this action: U.S. Patent Nos. 5,978,791, 6,415,280, 6,928,442, 7,802,310, 7,945,539, 7,945,544, 7,949,662, and 8,001,096 ("Patents-in-Suit").  Level 3 has joined in this Complaint pursuant to its contractual obligations under the Agreement, at the request of PersonalWeb.

2.    Pursuant to the Agreement, Level 3 has, among other rights, certain defined rights to use, practice, license, sublicense and enforce and/or litigate the Patents-in-Suit in connection with a particular field of use ("Level 3 Exclusive Field").  Pursuant to the Agreement,

PersonalWeb has, among other rights, certain defined rights to use, practice, license, sublicense, enforce and/or litigate the Patents-in-Suit in fields other than the Level 3 Exclusive Field (the "PersonalWeb Patent Field").

3.      All infringement allegations, statements describing PersonalWeb, statements describing any Defendant (or any Defendant products) and any statements made regarding jurisdiction and venue are made by PersonalWeb alone, and not by Level 3.   PersonalWeb alleges that the infringements at issue in this case all occur within, and are limited to, the PersonalWeb Patent Field.   Accordingly, PersonalWeb has not provided notice to Level 3—under Section 6.4.1 of the Agreement or otherwise—that PersonalWeb desires to bring suit in the Level 3 Exclusive Field in its own name on its own behalf or that PersonalWeb knows or suspects that Defendant are infringing or have infringed any of Level 3's rights in the patents.

## THE PARTIES

4.      PersonalWeb Technologies LLC ("PersonalWeb") is a limited liability company organized under the laws of Texas with its principal place of business at 112 E. Line Street, Suite 204, Tyler, Texas, 75702.   PersonalWeb was founded in August 2010 and is in the business of developing and distributing software based on its technology assets.

5.      Level 3 Communications, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 1025 Eldorado Boulevard, Broomfield, CO 80021.

6.      PersonalWeb's infringement claims asserted in this case are asserted by PersonalWeb and all fall outside the Level 3 Exclusive Field.   Level 3 is currently not asserting patent infringement in this case in the Level 3 Exclusive Field against any Defendant.

7.      Defendant Nexsan Technologies, Inc. ("Nexsan") is a Delaware Corporation with its principal executive offices at 1445 Lawrence Drive, Newbury Park, California 91320.

McKool 726352v1

2

8.     Nexsan makes, distributes, and uses storage and software products, and offers storage and software services, to consumers in the United States and, more particularly, in the Eastern District of Texas.

## JURISDICTION AND VENUE

9.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).  PersonalWeb is a limited liability company incorporated in Smith County, Texas with its principal place of business in Tyler, Texas.  A substantial part of the events giving rise to the asserted claims occurred in this judicial district, Defendant transact business in this judicial district, and the patents were infringed in this judicial district.

11.     This Court has personal jurisdiction over Nexsan.  Nexsan has conducted and continues to conduct business within the State of Texas.  Nexsan, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products and offers its products and services in the United States, the State of Texas, and the Eastern District of Texas.  Nexsan has purposefully and voluntarily sold infringing software and performed infringing services in the PersonalWeb Patent Field with the expectation that they will be purchased and used by consumers in the Eastern District of Texas.  These infringing products and services have been and continue to be purchased and used by consumers in the Eastern District of Texas.  Nexsan has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

## PERSONALWEB BACKGROUND

12.    PersonalWeb is in the business of developing and distributing software based on its technology assets.  PersonalWeb draws on its proprietary technology to innovate and develop software products, including a social learning platform and digital content management system.

13.    PersonalWeb's products include a product referred to as "StudyPods…where social meets study™", a new social learning platform that enables students to connect, collaborate and share academic knowledge with each other at their own university or colleges worldwide.  PersonalWeb's also is developing enterprise solutions, including proprietary technology assets utilizing natural language processing and semantic analysis to search for and deliver relevant content available on the Internet to users.

14.    PersonalWeb also is developing the Global File Registry ("GFR") digital content management system, an online copyright protection and crime prevention tool that is a consolidated database containing unique identifiers of millions of infringing files captured and collected on behalf of multiple content owners and interested parties.

15.    PersonalWeb protects its proprietary business applications and operations through a portfolio of patents in which it is an owner, including 13 issued and pending United States patents.

## INFRINGEMENT OF U.S. PATENT NO. 5,978,791

16.    On November 2, 1999, United States Patent No. 5,978,791 (the "'791 patent") was duly and legally issued for an invention entitled "Data Processing System Using Substantially Unique Identifiers to Identify Data Items, Whereby Data Items Have the Same Identifiers."  PersonalWeb has an ownership interest in the '791 patent by assignment, including the exclusive right to enforce the '791 patent within the PersonalWeb Patent Field, and continues

to hold that ownership interest in the '791 patent.  A true and correct copy of the '791 patent is attached hereto as Exhibit A.

17.     Nexsan has infringed and continues to infringe the '791 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field:  Nexsan Assureon.  Nexsan further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Nexsan is liable for its infringement of the '791 patent pursuant to 35 U.S.C. § 271.

18.     Nexsan's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.   Defendant's infringement of PersonalWeb's rights under the '791 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 6,415,280

19.     On July 2, 2002, United States Patent No. 6,415,280 (the "'280 patent") was duly and legally issued for an invention entitled "Identifying and Requesting Data in Network Using Identifiers Which Are Based On Contents of Data."   PersonalWeb has an ownership interest in the '280 patent by assignment, including the exclusive right to enforce the '280 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '280 patent.   A true and correct copy of the '280 patent is attached hereto as Exhibit B.

20.     Nexsan has infringed and continues to infringe the '280 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field:  Nexsan Assureon.  Nexsan further contributes to and induces others

to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Nexsan is liable for its infringement of the '280 patent pursuant to 35 U.S.C. § 271.

21.     Nexsan's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement of PersonalWeb's rights under the '280 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 6,928,442

22.     On Aug 9, 2005, United States Patent No. 6,928,442 (the "'442 patent") was duly and legally issued for an invention entitled "Enforcement and Policing of Licensed Content Using Content-based Identifiers."  PersonalWeb has an ownership interest in the '442 patent by assignment, including the exclusive right to enforce the '442 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '442 patent.  A true and correct copy of the '442 patent is attached hereto as Exhibit C.

23.     Nexsan has infringed and continues to infringe the '442 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services services within the PersonalWeb Patent Field:  Nexsan Assureon.  Nexsan further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  Nexsan is liable for its infringement of the '442 patent pursuant to 35 U.S.C. § 271.

24.     Nexsan's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement of PersonalWeb's rights under the '442 patent will continue to damage

PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,802,310

25.     On September 21, 2010, United States Patent No. 7,802,310 (the "'310 patent") was duly and legally issued for an invention entitled "Controlling Access to Data in a Data Processing System."  PersonalWeb has an ownership interest in the '310 patent by assignment, including the exclusive right to enforce the '310 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '310 patent.  A true and correct copy of the '310 patent is attached hereto as Exhibit D.

26.     Nexsan has infringed and continues to infringe the '310 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field:  Nexsan Assureon.  Nexsan further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Nexsan is liable for its infringement of the '310 patent pursuant to 35 U.S.C. § 271.

27.     Nexsan's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement of PersonalWeb's rights under the '310 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,539

28.     On May 17, 2011, United States Patent No. 7,945,539 (the "'539 patent") was duly and legally issued for an invention entitled "Distributing and Accessing Data in a Data Processing System."  PersonalWeb has an ownership interest in the '539 patent by assignment,

including the exclusive right to enforce the '539 patent within the PersonalWeb Patent Field, continues to hold that ownership interest in the '539 patent.  A true and correct copy of the '539 patent is attached hereto as Exhibit E.

29.     Nexsan has infringed and continues to infringe the '539 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field:  Nexsan Assureon.  Nexsan further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Nexsan is liable for its infringement of the '539 patent pursuant to 35 U.S.C. § 271.

30.     Defendant Nexsan's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of PersonalWeb's rights under the '539 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,544

31.     On May 17, 2011, United States Patent No. 7,945,544 (the "'544 patent") was duly and legally issued for an invention entitled "Similarity-Based Access Control of Data in a Data Processing System."   PersonalWeb has an ownership interest in the '544 patent by assignment, including the exclusive right to enforce the '544 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '544 patent.  A true and correct copy of the '544 patent is attached hereto as Exhibit F.

32.     Nexsan has infringed and continues to infringe the '544 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field:  Nexsan Assureon.  Nexsan further contributes to and induces others

to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Nexsan is liable for its infringement of the '544 patent pursuant to 35 U.S.C. § 271.

33.     Defendant Nexsan's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of PersonalWeb's rights under the '544 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,949,662

34.     On May 24, 2011, United States Patent No. 7,949,662 (the "'662 patent") was duly and legally issued for an invention entitled "De-duplication of Data in a Data Processing System."  PersonalWeb has an ownership interest in the '662 patent by assignment, including the exclusive right to enforce the '662 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '662 patent.  A true and correct copy of the '662 patent is attached hereto as Exhibit G.

35.     Nexsan has infringed and continues to infringe the '662 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field:  Nexsan Assureon.  Nexsan further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Nexsan is liable for its infringement of the '662 patent pursuant to 35 U.S.C. § 271.

36.     Defendant Nexsan's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of PersonalWeb's rights under the '662 patent will continue to damage

PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO.  8,001,096

37.    On August 16, 2011, United States Patent No. 8,001,096 (the "'096 patent") was duly and legally issued for an invention entitled "Computer File System Using Content-Dependent File Identifiers."   PersonalWeb has an ownership interest in the '096 patent by assignment, including the exclusive right to enforce the '096 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '096 patent.  A true and correct copy of the '096 patent is attached hereto as Exhibit H.

38.    Nexsan has infringed and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field:  Nexsan Assureon.  Nexsan further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Nexsan is liable for its infringement of the '096 patent pursuant to 35 U.S.C. § 271.

39.    Defendant Nexsan's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of PersonalWeb's rights under the '096 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT ONE—PATENT INFRINGEMENT AGAINST NEXSAN

40.    PersonalWeb incorporates herein by reference the allegations set forth in paragraphs 1-40 of this Complaint as though fully set forth herein.

41.   Nexsan has infringed and/or continues to infringe one or more claims of the Patents-in-Suit as set forth above.  Nexsan is liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for each of the Patents-in-Suit within the PersonalWeb Patent Field pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (f) as set forth above.  For PersonalWeb's claims of indirect infringement, Nexsan's end-user customers and consultants are direct infringers of the Patents-in-Suit within the PersonalWeb Patent Field.

42.   Nexsan's acts of infringement have caused damage to PersonalWeb.  PersonalWeb is entitled to recover from Nexsan the damages sustained by PersonalWeb as a result of Nexsan's wrongful acts in an amount subject to proof at trial.  In addition, the infringing acts and practices of Nexsan has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to PersonalWeb for which there is no adequate remedy at law, and for which PersonalWeb is entitled to injunctive relief under 35 U.S.C. § 283.

43.   Nexsan has received actual notice of infringement.

### DEMAND FOR JURY TRIAL

PersonalWeb hereby demands a jury for all issues so triable.

### PRAYER

WHEREFORE, PersonalWeb prays for judgment as follows:

1.      that Defendant has infringed, directly and/or indirectly, one or more claims of the Patents-in-Suit as described in this action;

2.      requiring Defendant to pay PersonalWeb's actual damages;

3.      requiring Defendant to pay to PersonalWeb supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, together with an accounting as needed;

4.      requiring Defendant to pay to PersonalWeb pre-judgment and post-judgment interest on the damages awarded at the maximum rate provided by law;

5.      requiring Defendant to pay to PersonalWeb all costs of this action;

6.      requiring Defendant to pay attorneys' fees under 35 U.S.C. § 285;

7.      enjoining Defendant, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it from further infringement of the Patents-in-Suit as described in this action;

8.      in the event a final injunction is not awarded, awarding a compulsory ongoing royalty; and

9.      such other and further relief as the Court deems just and equitable.


DATED:  September 17, 2012                          Respectfully submitted,

                                                                **McKOOL SMITH, P.C.**


                                                                 /s/ *Sam Baxter*
                                                                Sam Baxter (Lead Counsel)
                                                                Texas State Bar No. 01938000
                                                                sbaxter@mckoolsmith.com
                                                                104 East Houston Street, Suite 300
                                                                Marshall, Texas  75670
                                                                Telephone: (903) 923-9000
                                                                Telecopier: (903) 923-9099

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
David Sochia
Texas State Bar No. 00797470
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Steve Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
McKool Smith, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Roderick G. Dorman
rdorman@mckoolsmithhennigan.com
Lawrence M. Hadley
lhadley@mckoolsmithhennigan.com
McKool Smith, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone (213) 694-1200
Telecopier: (213) 694-1234

**Attorneys For Plaintiff**
**Personalweb Technologies, LLC**

David D. Wier
David.Wier@Level3.com


 _/s/ David Wier_ _____
David Wier

**Attorneys for Plaintiff Level 3**
**Communications LLC**